FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

10 MAR 29 PM 5: 19

OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:10CR119 |
| | ) | |
| Plaintiff, | ) | |
| | ) | PLEA AGREEMENT |
| vs. | ) | |
| | ) | |
| PACESETTER CORPORATION OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through the United States Attorney for the District of Nebraska, and the defendant, PACESETTER CORPORATION OF AMERICA, by and through its Trustee, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, agree as follows:

1.  PACESETTER CORPORATION OF AMERICA agrees to plead guilty to a criminal Information that charges conversion of employee deductions and COBRA payments totaling $58,227.00 intended for the administrator of its self-funded health plan, in violation of Title 18, United States Code, Section 669. PACESETTER CORPORATION OF AMERICA will also enter a plea of guilty to the conversion of $8,571.00 of funds from its employees intended for the company's life and disability insurance plan, in violation of Title 18, United States Code, Section 664.

2.  PACESETTER CORPORATION OF AMERICA understands that the maximum penalty for each count is a fine of not more than $500,000.00 (18 U.S.C. § 3571(c)(5)) and a term

of probation of not less than one (1) and not more than five (5) years. In addition to the above, a special assessment of $400.00 must be imposed for each count of conviction.

3. If acceptable to the Court, PACESETTER CORPORATION OF AMERICA and the United States will waive a Presentence Investigation Report pursuant to Rule 32(c)(1) of the Federal Rules of Criminal Procedure and ask that PACESETTER CORPORATION OF AMERICA be sentenced at the time the plea is entered.

4. The United States and PACESETTER CORPORATION OF AMERICA jointly recommend that the Court:

(1) Order that, immediately upon sentencing, PACESETTER CORPORATION OF AMERICA shall pay restitution in the sum of $67,533.47. PACESETTER CORPORATION OF AMERICA is currently in bankruptcy court in the Western District of Pennsylvania. PACESETTER CORPORATION OF AMERICA has obtained authorization from the Bankruptcy Court to enter its plea of guilty and to allow Mark Aloe, the former Executive Vice President and Chief Financial Officer, to pay $67,533.47 in to the Clerk of the District Court for the District of Nebraska, said funds to be used to make restitution to the former employees of PACESETTER CORPORATION OF AMERICA whose employee deductions were withheld and converted during the period set forth in the Information. Any sums left in the possession of the Clerk of the Court after victims have been unreimbursed or unlocatable, shall be provided to the Crime Victim Fund or its successor, and if such a fund is unavailable, to the general treasury of the United States of America;

(2) Place PACESETTER CORPORATION OF AMERICA on probation for a period of one (1) year under the following terms and conditions:

(a) No fine is to be imposed as PACESETTER CORPORATION OF AMERICA is currently in Chapter 7 Bankruptcy in the Western District of Pennsylvania with insufficient funds to reimburse its multiple creditors.

(b) PACESETTER CORPORATION OF AMERICA will continue to work and cooperate with the Bankruptcy Court in the winding down and conclusion of its affairs.

5. MARK ALOE, on behalf of PACESETTER CORPORATION OF AMERICA, agrees to pay, upon sentencing, the special assessment totaling $800.00 due under Title 18, United States Code, Section 3013.

6. In exchange for the agreements made by PACESETTER CORPORATION OF AMERICA and enumerated herein, the United States Attorney for the District of Nebraska agrees not to further prosecute PACESETTER CORPORATION OF AMERICA, or any of its officers, directors, shareholders, or employees, for offenses related to the charges in the Information. This agreement binds only the United States Attorney's Office for the District of Nebraska.

7. Voluntary Prohibition. PACESETTER CORPORATION OF AMERICA and Mark Aloe agree that Mark Aloe, a former officer, will be prohibited from serving as an administrator, fiduciary, officer, trustee, or custodian of, or as a consultant or adviser to, or in any other capacity that involves decision making authority or custody or control of the monies, funds, assets, or property of any employee benefit plan, during or for the period of fourteen (14) years

after the judgment in this matter becomes final. In return for his voluntary prohibition and his payment of the aforementioned restitution, the United States agrees to dismiss the Indictment previously returned against Mark Aloe at 8:09CR127. Should Mark Aloe violate this voluntary prohibition, the charges against Mark Aloe may be refiled with Mark Aloe agreeing to waive his rights under the Speedy Trial Act and the Statute of Limitations.

8. The United States and PACESETTER CORPORATION OF AMERICA agree that the terms and conditions outlined in this Plea Agreement provide an appropriate disposition of this case. If the Court rejects this Plea Agreement or any material provision of the Plea Agreement, the parties shall be released from their obligations under this Plea Agreement and it shall be null and void.

9. In the event the Court accepts and implements this Plea Agreement in its entirety, PACESETTER CORPORATION OF AMERICA expressly waives all defenses or objections to the Information and reserves no future defenses or rights to appeal any decision of the Court.

10. Robert O. Lampl, Counsel to the Trustee for PACESETTER CORPORATION OF AMERICA, has been specifically authorized and designated by the bankruptcy court in the Western District of Pennsylvania to appear and enter the plea, and he will so appear for the entry of the guilty plea and the imposition of the sentence in the United States District Court for the District of Nebraska.

11. The parties agree that the allegations set forth in the Information constitute the factual basis for the plea pursuant to Rule 11(b)(3) of the Federal Rules of Criminal Procedure.

12. This agreement applies only to criminal prosecution. Nothing in this agreement shall be construed to limit any federal, state, or local civil or administrative action.

13. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement and none will be entered into unless in writing and signed by all parties.

3/29/10
Date

MICHAEL P. NORRIS
Assistant United States Attorney

3/29/10
Date

ROBERT O. LAMPL
Counsel to the Trustee for PACESETTER CORPORATION OF AMERICA

3/29/10
Date

THOMAS J. FARRELL
Attorney for MARK ALOE

3/29/10
Date

MARK ALOE

5